## Benner v. Weeks, Appellant.

*Appropriation of money in hands of another to payment of debt—Evidence—Question for jury.*

In an action of assumpsit there was evidence that a woman placed in defendant's hands a small sum of money for furnishing and setting up a tombstone which at her request was procured by plaintiff. Defendant admitted that he had some of the woman's money in his hands, but denied that it had been appropriated by her for any specific purpose. *Held*, that the question was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 10, 1894. Appeal, No. 153, July T., 1893, by defendant, John Hart Weeks, from judgment of C. P. No. 1, Phila. Co., March T., 1890, No. 280, on verdict for plaintiff, A. Penrose Benner. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Assumpsit for money in hands of defendant alleged to have been appropriated by owner to payment of plaintiff's debt.

At the trial, before BREGY, J., plaintiff offered evidence

which tended to show than Kate Scanlan had placed in defendant's hands thirty-eight dollars to pay for furnishing and setting up the tombstone of Jane Newman, known as "crazy Jane," and a familiar figure in the Philadelphia courts, where she was in constant attendance to urge imaginary grievances. Plaintiff wrote defendant that Mrs. Scanlan had ordered him to place the tombstone, "saying you (defendant) still had charge of the money subscribed for the purpose and to send for it whenever I wanted it." Defendant admitted that he had some of Mrs. Scanlan's money in his hands when he received plaintiff's letter, but denied that any of the money had been appropriated to any specific debt.

The court charged as follows :

" [The mere fact that Mr. Weeks had some money belonging to this woman, Scanlan, would not of itself make him liable to this plaintiff, or would not entitle the plaintiff to a verdict. Under the circumstances of this case [if you find from the evidence that Mr. Weeks had $38.00 in his hands which this woman had put there, and had been set aside by her for the payment of this tombstone, then your verdict should be for the plaintiff for that amount.] [1] But if he had money of hers which was not set aside for that purpose, but was simply holding money of hers generally, then the defendant was entitled to a verdict, because in that case the plaintiff would have to get a verdict against this woman and attach whatever moneys were in his hands.] " [2]

Verdict and judgment for plaintiff for $49.00.

*Errors assigned* were (1, 2) instructions, quoting them ; (3, 4) in not directing verdict for defendant.

*Horace Haverstick,* for appellant, cited : Shoemaker v. King, 40 Pa. 107 ; Justice v. Tallman, 86 Pa. 147 ; Wynn v. Wood, 97 Pa. 216 ; Adams v. Kuehn, 119 Pa. 76 ; Howard Express Co. v. Wile, 64 Pa. 201 ; Bank v. Wirebach, 106 Pa. 37 ; Battles v. Laudenslager, 84 Pa. 446 ; R. R. v. Yerger, 73 Pa. 121.

*Francis S. Cantrell,* for appellee, cited : Ruple v. Bindley, 91 Pa. 296 ; Caldwell v. Hartupee, 70 Pa. 74.

PER CURIAM, January 22, 1894:

This case hinged on questions of fact which were fairly submitted to the jury in a clear and concise charge of which the defendant has no just reason to complain.   The testimony was quite sufficient to warrant the submission ; and the only inference that can be drawn from the verdict is that all the material facts were found in favor of the plaintiff.   The main question was whether Mrs. Scanlan placed in defendant's hands thirty-eight dollars to pay for furnishing and setting up the tombstone which at her request was procured by the plaintiff.   The jury must have found that she did.   There was no error in charging as complained of in the first and second specifications. It would have been error to have withdrawn the case from the jury by directing them to find for the defendant.

Judgment affirmed.